## Berke v. Keystone Dodge, Inc.

*Jerry A. Snyder,* for plaintiff.
*Anthony M. Muir,* for defendant.

WIEAND, *J., Specially Presiding,* June 13, 1980—David Berke, plaintiff, brought this action in equity to rescind a contract for the purchase of an automobile from defendant, Keystone Dodge, Inc. In support of the requested relief, plaintiff alleges (1) that the installment sale contract was executed in blank and (2) that despite representations to the contrary by defendant's agents, plaintiff's monthly payments were in excess of $150. The evidence disclosed the following facts.

Late on the afternoon of Saturday, November 4, 1978, plaintiff and his girlfriend, Teresa Ann Fashion, saw a 1977 Dodge Charger on defendant's lot. Plaintiff testified that he was "overwhelmed" by it. He test drove the vehicle and agreed to buy it for $6,306.70. He traded a 1970 Chevrolet Monte Carlo, for which he was given a credit of $800. The balance of $5,506.70 was to be financed by a bank loan which defendant was to obtain for plaintiff, with monthly payments not to exceed $150. Plaintiff signed the installment sale contract in blank and drove away in his new car.

The First National Bank of Allentown refused plaintiff's application for financing, which defend-

ant had submitted to it. Instead, the bank agreed to advance and did advance only $4,259.66, which, together with finance charges, was to be repaid at the rate of $150.27 per month. The vehicle install-ment sale contract was completed, with a defi-ciency of $1,530.70 shown as a cash down pay-ment. A copy of the contract was sent to and re-ceived by plaintiff on or about November 25, 1978. He was told that he would have to obtain a second loan in order to make the cash down payment. Plaintiff objected and offered to return the vehicle, but defendant refused to accept it. Thereafter, de-fendant assisted plaintiff in arranging the second loan.

This was accomplished by having the mother of plaintiff's girlfriend obtain a personal loan from a loan company. She was willing to do this because she trusted plaintiff, who promised that he would make all installment payments. Plaintiff entered this arrangement, the terms of which were fully disclosed, because he wanted to keep the Dodge Charger and because he believed that his gross earnings of $360 per week would enable him to meet these additional monthly payments. Plaintiff concedes that he was not dissatisfied with the car or with the price. Rising costs of maintenance, par-ticularly the cost of gasoline, caused him to consult an attorney in the latter part of March, 1979, about a possible return of the vehicle. He continued to drive the vehicle until July, 1979, when, because his inability to pay increased insurance rates caused his coverage to lapse, he discarded it in favor of a motorcycle and, still later, a van. By July, plaintiff had driven his Dodge Charger almost 14,000 miles.

The evidence demonstrates clearly that the in-stallment sales contract which plaintiff signed on

November 4, 1978 contained blank spaces which the seller subsequently caused to be completed. This was in violation of sections 13B and 15A of the Motor Vehicle Sales Finance Act of June 28, 1947, P.L. 1110, as amended, 69 P.S. §§613B and 615A.

Defendant contends that the violation was waived and the completed contract ratified by plaintiff when he entered the second loan transaction and continued to drive the vehicle after all financing terms had been disclosed. This argument, which at first blush seems to have merit, must be rejected. It is the express language of the statute which compels such rejection. Thus, section 32 of the Motor Vehicles Sales Finance Act, supra, 69 P.S. §632, provides: "No act, agreement or statement of any buyer in any installment sale contract shall constitute a valid waiver of any provision of this act intended by the Legislature for the benefit or protection of retail installment buyers of motor vehicles." Such protection, the legislature declared, was necessary to protect members of the public, because of their unequal bargaining position, from "nefarious, unscrupulous and improper practices in the financing of the sale of motor vehicles." Motor Vehicle Sales Finance Act, supra, section 2, 69 P.S. §602.

The statute fails to express with equal clarity the remedy available to a buyer for a seller's violations. Section 37B, 69 P.S. §637B, declares a violation of any provision of the act to be a misdemeanor and, upon conviction, authorizes the imposition of sentence. Section 35, 69 P.S. §635, provides that installment sales contracts shall be unenforceable and subject to rescission when the seller is not licensed as required by the act. The buyer may rescind such a conctract and obtain a release of liens

against the vehicle upon payment of the principal amount financed, less payments made on account. However, the statute expresses no comparable remedy for violations of other provisions of the act.

The remedy contained in section 35 permits, it will be observed, a rescission of the *financing agreement*. It does not provide for a rescission of the *contract of sale*. A similar approach was adopted by the legislature when it enacted the Goods and Services Installment Sales Act of October 28, 1966, P.L. (Sp. Sess.) 55, 69 P.S. § 1101 et seq. Section 1202 of that act, 69 P.S. § 2202, provides that upon noncompliance "the buyer shall have the right to recover from such person [who fails to comply with the provisions of the act] an amount equal to any [time price differential or service charge]." A rescission of the contract for the purchase of goods or services, however, is not one of the remedies provided for in the statute.*

In the instant case, plaintiff has no basis for rescinding his purchase of the 1977 Dodge Charger from defendant. He expressed during trial his complete satisfaction with the vehicle and the price. His conduct with respect to the vehicle after he learned that an additional loan was needed to complete the purchase demonstrated also a full ratification of the sales contract.

Because the installment financing contract violated the provisions of the Motor Vehicle Sales Finance Act, it was subject to rescission. This can be

---

*The Federal Truth in Lending Act permits a consumer to recover from a nondisclosing creditor the actual damages sustained or twice the amount of any finance charge in connection with the transaction, not to exceed $1,000: Act of May 29, 1968, 82 Stat. 157, 15 U.S.C.A. § 1640.

achieved by imposing upon defendant the financing charges incurred by plaintiff in connection with the loan transaction. These charges were in the amount of $1,150.06. In this manner, we can return the parties to the status quo. Plaintiff will have rescinded the loan agreement when he returns to the lender the principal amount borrowed. The loan will have cost plaintiff nothing, for the financing charges will have been paid by the seller, who was responsible for the violation.

There is no basis for rescinding the installment loan obtained by Mrs. Fashion. The terms of this additional loan were fully disclosed. Plaintiff concurred in the loan and agreed to repay the same in installments. He made this decision with full knowledge that such installments, when added to the installments which he was required to pay to the First National Bank of Allentown, would exceed the sum of $150 per month. Thus, he has no cause for complaint and no basis for rescinding such loan agreement.

When plaintiff traded his 1970 Chevrolet Monte Carlo for an $800 allowance, he lacked the tools to remove the stereo system which he had installed. It was agreed that he should return on the following Monday when he was to be allowed to remove the stereo. When plaintiff arrived at defendant's lot on the appointed date, he learned that his former vehicle had been removed and was no longer available to him. This stereo equipment, having a value of $250, had not been included in the trade. By its conduct, defendant had converted the same. Plaintiff, therefore, is entitled to recover its value.

## DECREE

Now, June 13, 1980, it is ordered and decreed

that plaintiff is entitled to recover from defendant the sum of $1,400.06, together with interest thereon from November 4, 1978 and costs of suit. Except as herein set forth, plaintiff's prayer for rescission is denied.